## Hiram Converse *vs.* Henry C. Carter.

This court will not, in the exercise of its discretion, under Gen. Sts. *c.* 146, § 21, grant a review of a judgment rendered in the superior court, after a trial had by order of the judge, if the party aggrieved was heard upon the question of postponing the trial, and had an opportunity afterwards to apply to the same court for relief, and to present all the facts upon which the petition for review is founded, and if there is not clear proof of misapprehension, corruption or incapacity on the part of the judge.

Petition for review of a judgment recovered in the superior court for this county at October term 1863, by the respondent against the petitioner, upon two promissory notes of $1500 each, upon which the petitioner was an accommodation indorser.

At the hearing in this court, before *Dewey,* J., it appeared that the case was ordered for trial in the superior court out of its order upon the docket, and against the objection of the petitioner's counsel, and in the absence of the petitioner's witnesses, and that the evidence applicable to the defence of the original action upon the merits, which the petitioner contended that he was prevented from adducing at the trial, was material, and sufficient to entitle him to a review, if the judgment had been rendered upon a default, without opportunity to ask for a postponement of the trial. It did not appear that the petitioner afterwards applied to the superior court for relief in any form.

The case was reserved for the determination of the whole court.

*J. Wells,* for the petitioner.

*H. Morris,* for the respondent.

Dewey, J. The power to grant a review in all cases seems to be given to this court in the broadest terms by the Gen. Sts. *c.* 146, § 21. It is a salutary and important power, for the purpose of securing justice in cases for which no sufficient provision is otherwise made. Such a power must he regulated, in its exercise by us, by some practical rules, or every order of the subordinate courts falling within the class of matters within

the discretion of such tribunal would be opened upon an application for review. We cannot suppose, while such rulings in matters of discretion are not subject to exceptions, and cannot be brought before us as such, that under a change of form in presenting the question to the court they may be made in all cases the subject of examination here, and the court is to be called upon to decide whether the presiding judge exercised his discretion wisely or unwisely. Hence this power of setting aside the proceedings of a subordinate court acting upon a matter within its discretion, by an application for a review, is to be exercised cautiously and sparingly, and only in cases in which it is made apparent that the rights of parties could not otherwise have been secured.

As one of the reasonable restrictions upon the exercise of this power of granting reviews in such cases, we think it must be held that this court should not grant such review when the question arises upon an order of the superior court in a matter within its discretion, and upon which the parties were heard at the time, and when the party had the further opportunity to apply subsequently to the same court to obtain proper relief, and to present all the facts upon which such application is founded, and where there is no clear proof of misapprehension, corruption or incapacity in the tribunal before which the case was heard.

The present petition should be decided by the application of these principles to the facts by the judge who reported the same.

Judgment was thereupon entered that the petition be dismissed.